THE ALLIANCA.

THE SEGURANCA.

THE ADVANCE.

HUNTINGTON v. THE ALLIANCA, et al.

(District Court, S. D. New York. October 14, 1895.)

SHIPPING—BANKER'S ADVANCES—MARITIME AND EQUITABLE LIEN.

Upon a further reference to a Commissioner and hearing upon the Commissioner's report as regards any equitable or maritime lien against the above vessels for banker's advances as against the mortgagee of the vessels on the claims heretofore considered, (See Freights of The Kate, 63 Fed. 707; The Allianca, Id. 726, 65 Fed. 245). *Held*, that no independent equity against the mortgagee was shown, and the rulings of the previous cases were re-affirmed.

In Admiralty.

Benedict & Benedict and Maxwell Evarts, for petitioners.

Carter & Ledgard, Mr. Baylies, and W. W. Goodrich, for Atlantic Trust Co.

BROWN, District Judge. The principal reason for allowing a second reference in the above matter was to permit the petitioners to show dealings or circumstances, if there were any, as between them and the mortgage bond-holders, that might be sufficient to create an equitable right of priority as against the mortgage trustee, even though no lien upon the ships existed in the petitioner's favor. No dealings or circumstances of this kind have been shown, nor has any evidence been given different from that previously before the Court, except a short re-examination of Mr. Babbidge, the Secretary, which adds nothing to the petitioner's previous case.

Upon the urgent argument of counsel, however, I have re-examined and re-considered the testimony, and re-examined the cases referred to. I do not find in them any principles not previously considered by me, and am unable to change the views previously expressed. See Freights of The Kate, 63 Fed. 707; The Allianca, Id. 726, 65 Fed. 245.

It would not be useful to recount the additional arguments addressed to the court concerning the matters of fact. Other considerations, which the evidence sufficiently shows, prevent any change in my previous findings.

The petition is, therefore, dismissed.